UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL W. SHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-245 |
| | ) | (Phillips/Guyton) |
| J.J.B. HILLIARD, W.L. LYONS, INC., | ) | |
| and THE PNC FINANCIAL SERVICES | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 46] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiff's Motion to Compel Discovery of Defendant J.J.B. Hilliard, W.L. Lyons, Inc. [Doc. 39] and Plaintiff's Motion to Compel Discovery of Defendant The PNC Financial Services Group, Inc. [Doc. 41]. The Court held a hearing on these motions on August 15, 2006. Participating on behalf of the plaintiff was attorney Link Gibbons. Participating on behalf of the defendants J.J.B. Hilliard, W.L. Lyons, Inc. ("Hilliard Lyons") and The PNC Financial Services Group, Inc. ("PNC") were attorneys Kelli Thompson and Siobhan Sweeney.

The plaintiff alleges that the defendants failed to provide sufficient responses to various interrogatories and requests for production of documents. Upon consideration of the plaintiff's objections, the defendants' response, and the argument of counsel, Plaintiff's Motion to Compel Discovery of Defendant J.J.B. Hilliard, W.L. Lyons, Inc. [Doc. 39] and Plaintiff's Motion

to Compel Discovery of Defendant The PNC Financial Services Group, Inc. [Doc. 41] are **GRANTED IN PART** and **DENIED IN PART** as follows:

With respect to the interrogatories and requests for production of documents directed to defendant Hilliard Lyons:

**Interrogatories Nos. 1-3 and Requests No. 7-9:** The defendant shall be required to produce information and documents related to previous lawsuits, arbitrations, or complaints filed against the Knoxville and/or Farragut offices of Hilliard Lyons from January 1, 1998 to August 15, 2003, the date that the plaintiff left his employment.

**Interrogatory No. 10:** The defendant has agreed to supplement its response to this interrogatory prior to trial. Accordingly, this issue has been resolved.

**Interrogatory No. 11:** The defendant has supplemented its response with the names of the employees who attended the Financial Consultant's meeting at issue. Accordingly, this issue has been resolved.

**Interrogatories Nos. 13-16:** The Court finds that the plaintiff is entitled to the requested information, with the exception that the defendant shall not be required to produce the account numbers of any bank accounts shared by the defendants.

**Interrogatory No. 18:** The plaintiff seeks information regarding current or former employees of Hilliard Lyons from January 1, 2001 to the present, arguing that these employees are potential witnesses. Hilliard Lyons has already produced a roster of employees who were employed during the term of the plaintiff's employment. The Court finds that the plaintiff's request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The

2

Case 3:05-cv-00245   Document 52   Filed 08/18/06   Page 2 of 5   PageID #: 5

information provided by the defendant is deemed sufficient, and the plaintiff's request to compel a further response from the defendant is denied.

**Requests Nos. 16, 18:** The plaintiff seeks financial information for past three years, including financial statements, tax returns, and income and profit documents. The plaintiff argues that this information is relevant to his punitive damage claim. Hilliard Lyons has already provided the plaintiff with annual reports and financial documents. The Court finds that the defendant has produced sufficient information to enable the plaintiff to calculate the defendant's net worth. Furthermore, the defendant's counsel represented to the Court that she will continue to supplement the defendant's response as more up-to-date financial information becomes available. Accordingly, the plaintiff's motion to compel further information from the defendant Hilliard Lyons is denied.

**Request No. 24:** The plaintiff requested a copy of the employment file of Assistant Manager Rebecca Lynch. This file has been produced to the plaintiff in a redacted form; accordingly, the parties agree that this issue has been resolved.

**Request No. 26:** The plaintiff requests any transcripts, diaries, calendars, day timers, emails, notes, and other documents that have been maintained, received, copied, or reviewed, or created by Hilliard Lyons which in any way relate to the plaintiff or the allegations contained in the plaintiff's lawsuit. The plaintiff's counsel has informed defense counsel that the plaintiff was particularly interested in emails sent by Stan Shelton from the beginning of the plaintiff's employment in October 2001 until Mr. Shelton left Hilliard Lyons in late 2005. The Court agrees with the defendant that this request as worded is overbroad and unduly burdensome on the defendant. Accordingly, the Court will limit this request to any transcripts, diaries, calendars, day timers, emails, notes, and other documents that were maintained, received, copied, or reviewed, or

3

created by the defendant during the term of the plaintiff's employment that are related to the plaintiff's claims of sexual harassment and breach of contract or to any of the defenses raised by the defendant in this case. Defense counsel advised that Hilliard Lyons is in the process of determining whether backup tapes exist of emails sent during the term of the plaintiff's employment; if these can be located, defense counsel states that they will be produced.

**Request No. 32:** The plaintiff requests information related to the efforts of the defendant to prevent unlawful discrimination against its employees. The defendant produced these documents, but they were misplaced by plaintiff's counsel. Accordingly, the parties agree that this issue has been resolved.

**Request No. 33**: The plaintiff requests documents showing the plaintiff's compensation, commissions, and benefits. Hilliard Lyons has supplemented its response with copies of the plaintiff's pay stubs. Accordingly, the parties agree that this issue has been resolved.

With respect to the defendant PNC:

**Interrogatory No. 7:** PNC has agreed to supplement its response to this interrogatory prior to trial. Accordingly, this issue has been resolved.

**Interrogatories Nos. 9-12:** The Court finds that the plaintiff is entitled to the requested information, with the exception that the defendant shall not be required to produce the account numbers of any bank accounts shared by the defendants.

**Requests Nos. 14 and 16:** PNC has already provided the plaintiff with annual reports and other financial documents. The Court finds that both defendants have produced sufficient information to enable the plaintiff to calculate the defendants' net worth. Furthermore, the defendant's counsel represented to the Court that she will continue to supplement the defendant's

4

response as more up-to-date financial information becomes available.  Accordingly, the plaintiff's motion to compel further information from the defendant PNC is denied.

**Request No. 22:**  The plaintiff requested a copy of the employment file of Assistant Manager Rebecca Lynch.  This file has been produced to the plaintiff in a redacted form; accordingly, the plaintiff concedes that this issue has been resolved.

The plaintiff's request for an award of fees and costs related to the subject motion is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

                       s/ H. Bruce Guyton
                       United States Magistrate Judge