UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL W. SHELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J.J.B. HILLIARD, W.L. LYONS, INC., )<br>and THE PNC FINANCIAL SERVICES )<br>GROUP, INC., )<br>)<br>Defendants. ) | No. 3:05-cv-245<br>(Phillips/Guyton) |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 58] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiff's motions to quash subpoenas [Docs. 54 and 56].

The plaintiff Michael W. Shell moves the Court for an Order quashing the subpoenas served by the defendants J.J.B. Hilliard, W.L. Lyons, Inc. ("Hilliard Lyons") and The PNC Financial Services Group, Inc. upon non-parties Raymond James Financial Services, Inc. ("Raymond James") and LPL Boston and/or for an Order of sanctions against the defendants to exclude any documents produced as a result of the improper subpoenas, as well as an award of attorney's fees. [Docs. 54, 56]. The defendants oppose the plaintiff's motions, arguing that the documents sought are clearly relevant and discoverable and that any deficiency in the service of the subpoenas was inadvertent and did not result in any prejudice to the plaintiff. [Docs. 59, 60]. For the foregoing reasons, the plaintiff's motions to quash subpoenas [Docs. 54 and 56] will be **DENIED**.

I.      **Factual Background**

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.*; and Tennessee common law for breach of contract. The plaintiff was employed by Hilliard Lyons as a financial advisor from October 2001 through his resignation in August 2003. The plaintiff alleges that he was constructively discharged from his employment with Hilliard Lyons as a result of a hostile work environment caused by severe and pervasive sexual harassment he received from another male employee.

The plaintiff alleges that the harassment he was subjected to caused a decline in his production while at Hilliard Lyons. In support of this allegation, the plaintiff's economic expert estimates that the plaintiff incurred over $48,000 in back pay damages for the first eight months of 2003, while the plaintiff was still employed with the defendant. [Doc. 60 Ex. B]. The defendants dispute the cause of the plaintiff's decline in production in 2003 and argue instead that his declining numbers were a result of his efforts to seek employment elsewhere. Specifically, the defendants cite the plaintiff's deposition, in which the plaintiff admitted to traveling to Florida in 2003 to meet with representatives of Raymond James, the brokerage firm with which he is now affiliated. He also stated that during this time period, he traveled to Boston, Massachusetts to meet with representatives of LPL Financial Services. [Doc. 60 Ex. A at 189-90].

   A.     *The Raymond James Subpoena*

On November 10, 2006, defendants' counsel, Brian Pezza, sent a subpoena *duces tecum* to an attorney in his firm's West Palm Beach, Florida office with instructions to retain a process server to serve a subpoena on "Raymond James Financial, Inc." [Doc. 60 Ex. C]. The

subpoena was sent to a process server in Fort Lauderdale, Florida and served in hand on November 29, 2006. [Doc. 60 Ex. E]. The subpoena sought the production of documents concerning the plaintiff's efforts to obtain employment with Raymond James, including correspondence and travel expense reimbursements while he was being recruited, as well as information concerning the plaintiff's income, expenses, and reimbursements once he began a Raymond James franchise. The return date for the documents requested by the subpoena was December 1, 2006. [Doc. 55 Ex. A].

On November 30, 2006, Raymond James sent a letter to defense counsel, requesting that the subpoena be re-issued in the name of "Raymond James Financial Services, Inc." and that the defendant pay an up-front fee for the initial expenses incurred in the search for responsive documents. Raymond James further requested proof of service on all parties to the litigation. [Doc. 60 Ex. F]. On December 1, 2006, defense counsel re-issued the subpoena by facsimile and express mail [see Doc. 63 ¶ 4] and, for the first time, sent a copy to plaintiff's counsel by regular mail. [Doc. 60 Ex. D]. Plaintiff's counsel received a copy of the subpoena on December 8, 2006. Thereafter, the plaintiff filed the present motion.

Attorney Pezza states in his affidavit that he did not send a copy of the November 10, 2006 Raymond James subpoena to plaintiff's counsel, as he mistakenly believed that the process server would provide notice in connection with the service. Pezza states that this was an oversight and was not intentional. Raymond James has not yet responded to the subpoena, as defense counsel requested that Raymond James suspend its processing of the subpoena pending resolution of the present motion. [Doc. 60 Ex. D].

3

B.  *LPL Boston Subpoena*

On November 13, 2006, defense counsel sent a subpoena *duces tecum* for LPL Boston to process server, Dewsnap & Associates. [Doc. 59 Ex. C]. The subpoena was personally served upon a representative of LPL Boston at its offices in Boston, Massachusetts. [Doc. 59 Ex. E]. The subpoena sought production of documents concerning the plaintiff's efforts to obtain employment with LPL Boston, including correspondence and travel expense reimbursements. The return date for the documents requested by the subpoena was December 1, 2006. [Doc. 57 Ex. A].

Defense counsel Pezza states in his affidavit that he did not send a copy of the LPL Boston subpoena to plaintiff's counsel, as he mistakenly believed that the process server would provide notice in connection with the service. [Doc. 59 Ex. C]. Pezza states that this was an oversight and was not intentional. Pezza provided notice to plaintiff's counsel of the LPL subpoena by correspondence dated December 1, 2006, which plaintiff's counsel received on December 8, 2006. On December 7, 2006, defense counsel sent plaintiff's counsel copies of the two pages of documents it received from LPL Boston. [Doc. 59 Ex. C].

## II. Positions of the Parties

The plaintiff seeks to quash the subject subpoenas on various grounds. First, the plaintiff argues that the re-issued Raymond James subpoena fails to allow reasonable time for compliance, as the subpoena commands production of the documents on the very day it was issued, December 1, 2006. Second, the plaintiff argues that because the "proof of service" on both the Raymond James subpoena and LPL Boston subpoenas are blank, there is no way to determine whether the defendants properly served the subpoenas in accordance with Rule 45(b) of the Federal

4

Rules of Civil Procedure. Third, the plaintiff argues that the defendants failed to provide prior notice to plaintiff's counsel, as required by Rule 45.

Finally, the plaintiff moves for sanctions for the improper issuance of the subpoenas and requests that any documents obtained as a result be destroyed and excluded from use at trial or in the continuing litigation of this matter. The plaintiff further seeks an award of attorney's fees incurred in filing this motion and for any other relief as may be deemed appropriate by the Court. For grounds, the plaintiff argues that the documents sought by these subpoenas are "highly sensitive" documents related to the plaintiff's subsequent employment efforts and are subject to an Agreed Protective Order [Doc. 34] previously entered in this matter. The plaintiff points out that he has already objected on the basis of relevancy to the production of these documents in response to the defendants' requests for production of documents, and that he has also refused to sign a release for these documents.[1] The plaintiff argues that the defendants' actions of failing to provide prior notice of the subpoenas appears to have been a deliberate attempt to circumvent or limit the plaintiff's ability to object to the production of such documents. As further grounds for sanctions, the plaintiff argues that the defendants showed further disregard for the plaintiff's privacy interests by listing the plaintiff's full Social Security number in its subpoena, in violation of Local Rule 7.3(a). [Docs. 54, 56].

The defendants oppose the plaintiff's motions to quash and/or for sanctions. Specifically, the defendants contend that the material sought was relevant, discoverable, and the proper subject of subpoena, as the requested documents relate to the plaintiff's job search, related

---

[1]The plaintiff apparently agreed to provide some documents evidencing his compensation from his subsequent employment, but only after the Agreed Protective Order [Doc. 34] was entered.

travel, and mitigation of damages. The defendants further argue that their inadvertent failure to provide prior notice of the subpoenas does not justify the imposition of sanctions, because the plaintiff has not demonstrated that this failure was anything but unintentional. With respect to the Raymond James subpoena, the defendants contend that the plaintiff has not been prejudiced because Raymond James has not yet produced any documents in response to the subpoena. With respect to the LPL Boston subpoena, the defendants argue that the Court should not prematurely exclude the two LPL Boston documents because the plaintiff can object to their admissibility prior to trial.

The defendants further argue that sanctions are not appropriate because the plaintiff failed to give the defendants prior opportunity to respond to the plaintiff's objections prior to the filing of these motions to quash. Finally, the defendants argue that the plaintiff's claim for sanctions for the inclusion of the plaintiff's Social Security number is unwarranted, because (1) the subpoenas explicitly instruct that the information contained therein is to be used solely in connection with the search for requested documents and (2) the plaintiff himself failed to redact his Social Security number from the subpoenas when he filed them as exhibits to his motions to quash. [Docs. 59, 60].

In reply,[2] the plaintiff objects to the defendants raising the argument that the documents sought were relevant, discoverable, and were the proper subject of a subpoena *duces tecum*. The plaintiff argues that the relevancy of these documents is not before the Court, as the plaintiff has raised only procedural objections to the subject subpoenas. The plaintiff further argues that the Court should impose sanctions upon defense counsel pursuant to the Court's inherent powers and/or 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings in this case. [Doc. 61].

---

[2]The plaintiff incorrectly labels each reply brief as a "sur-reply."

### III. Analysis

#### A. Plaintiff's Motions to Quash

The plaintiff first argues that the Raymond James subpoena should be quashed because it failed to provide a reasonable time for compliance. See Fed. R. Civ. P. 45(c)(3)(i). The original Raymond James subpoena was issued on November 10, 2006 and required production by December 1, 2006. On November 29, 2006, Raymond James contacted counsel and requested that the subpoena be re-issued to a different corporate entity. Raymond James further advised that the re-issued subpoena could be faxed and that it would take up to thirty (30) days to respond. Defense counsel apparently agreed to these conditions and re-issued the subpoena on December 1, 2006. Under these circumstances, the Court cannot say that the subpoena failed to provide a reasonable time for Raymond James to comply with the subpoena.

Next, the plaintiff argues that both the Raymond James and LPL Boston subpoenas should be quashed because they do not show a proof of service. The Court finds that this argument to be without merit, as the defendants have submitted Returns of Service with respect to each subpoena. [Doc. 59 Ex. E and Doc. 60 Ex. E].

As further grounds for quashing the subpoenas, the plaintiff argues that the defendants failed to provide the plaintiff with prior notice of the subpoenas, as required by Rule 45(b)(1). While courts appear divided on the issue of what type of "prior notice" is required, at a minimum "the 'prior notice' requirement mandates notice to the opposing parties at least simultaneously with the issuance of the subpoenas." McClendon v. TelOhio Credit Union, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug 14, 2006).

Clearly, plaintiff's counsel was not afforded prior notice of the subpoenas in this case. However, with respect to the Raymond James subpoena, the defendants have asked Raymond James to suspend compliance with the subpoena until resolution of these motions to quash. Accordingly, the Court cannot say that the plaintiff has suffered any prejudice as a result of this technical violation of Rule 45. See McClendon, 2006 WL 2380601, at *3 (finding no prejudice to the plaintiffs where former employers had not produced documents before the motion to quash was filed and parties agreed that employers could wait until the motion was decided before producing such documents). The plaintiff now has notice of the subpoena, and Raymond James has advised that it will take at least thirty (30) days for it to complete its search for responsive documents. Accordingly, under these circumstances, the Court declines to quash the Raymond James subpoena for the defendants' failure to provide prior notice.

With respect to the LPL Boston subpoena, the Court notes that LPL Boston has already complied with the subpoena and that two pages of documents in total have been produced, with copies provided to plaintiff's counsel. As the subpoena at issue was fully complied with prior to the filing of the plaintiff's motion, there is technically nothing for the Court to "quash." See Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 665 (D. Kan. 2004). Therefore, all that remains for the Court is the plaintiff's request for sanctions, which the Court will discuss below.

B.  **Plaintiff's Request for Sanctions**

While conceding that neither Rule 37 nor Rule 45 of the Federal Rules of Civil Procedure authorize the imposition of sanctions for failure to provide prior notice on a subpoena *duces tecum*, the plaintiff urges the Court to impose sanctions on the defendants pursuant to the Court's inherent powers or, alternatively, pursuant to 28 U.S.C. § 1927.

8

It is well-established that the Court "has the power to control admission to its bar and to discipline attorneys who appear before it." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). This inherent power to sanction "extends to a full range of litigation abuses." Id. at 46. In Chambers, the Supreme Court defined the scope of this inherent power as follows:

> [A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.

Id. at 45-46 (footnote, citations, and internal quotation marks omitted).

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 imposes an objective standard of conduct on attorneys, and courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927." Salkil v. Mt. Sterling Township Police Dep't, 458 F.3d 520, 532 (6th Cir. 2006). Unlike sanctions imposed under a court's inherent authority, however, "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." Red Carpet Studios, 2006 WL 2861803, at *4. Thus, sanctions are appropriate where the attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply

9

proceedings." Id. "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." In re Ruben, 825 F.2d 977, 984 (6th Cir. 1987).

Upon careful consideration of the parties' filings, the Court declines to impose sanctions pursuant to its inherent authority or pursuant to Section 1927. The Court finds that defense counsel's failure to provide prior notice of the subpoenas to plaintiff's counsel was inadvertent, unintentional, and not the result of any malice, intentional abuse, or bad faith. Furthermore, as previously noted, the plaintiff has not suffered any prejudice as a result of the defendants' technical violations of Rule 45. In the case of the Raymond James subpoena, the defendants requested that Raymond James suspend compliance with the subpoena until resolution of this motion. With respect to the LPL Boston subpoena, only two pages of documents were produced, which have already been provided to plaintiff's counsel. The plaintiff still has ample opportunity to object to the admissibility of these documents prior to trial. Furthermore, should the plaintiff have any concerns about the sensitive nature of these documents, the plaintiff may seek to have the documents placed under the agreed protective order previously entered by the Court. Finally, the Court finds that the defendants' inclusion of the plaintiff's Social Security number on the subpoenas does not appear to have been done vexatiously or in bad faith. The Court notes that the plaintiff himself failed to redact these numbers when he filed the subpoenas as exhibits to his motions to quash. For these reasons, the Court finds that the imposition of sanctions for the inclusion of the plaintiff's Social Security number is not warranted.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Quash the Subpoena of Raymond James Financial Services, Inc., or in the Alternative, Motion to Exclude Any Documents Produced as a Result of an Improper Subpoena [Doc. 54] and Plaintiff's Motion to Quash the Subpoena of LPL Boston and Motion for Sanctions [Doc. 56] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge